UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYNE CRAIG | Civil Action No. 14-4284 (CCC) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| WORLDWIDE MIXED MARTIAL ARTS SPORTS, INC., et al., | |
| Defendants. | |

**CLARK, Magistrate Judge**

This matter has been opened by the Court *sua sponte* based on Plaintiff's failure to comply with Court Orders and prosecute his case. For the reasons that follow, it is respectfully recommended that the case be dismissed without prejudice.

**BACKGROUND**

On August 30, 2013, Plaintiff Wayne Craig ("Plaintiff") filed a Complaint in the Maricopa County Superior Court in the State of Arizona against Defendants Worldwide Mixed Martial Arts Sports, Inc., et al. ("Defendants") alleging securities fraud. The case was thereafter removed to federal court in Arizona and then ultimately transferred to this District on July 8, 2014 by Order of the Honorable David G. Campbell, U.S.D.J. This Court received a status letter from Defendants on August 29, 2014 wherein Defendants outlined the procedural history of the litigation and noted that, in the time since the matter had been transferred, Plaintiff had failed to retain local counsel. The Court thereafter conducted a telephone conference in which Plaintiff's Arizona counsel, Thomas Luikens, Esq., participated. During the call, the Court advised Mr. Luikens that if Plaintiff failed to retain local counsel, the Court would enter an Order

1

to Show Cause why this case should not be dismissed for failure to prosecute. The Court gave Plaintiff until September 30, 2014 to retain counsel and for counsel to enter an appearance. Plaintiff did not retain new counsel, no appearance was entered and Plaintiff did not declare a desire to proceed *pro se.* Indeed, the Court has had zero contact with Plaintiff since this matter was transferred to New Jersey on July 8, 2014. As such, on October 1, 2014 the Court issued an Order to Show Cause ("OTSC") to Plaintiff for failure to prosecute. The OTSC was sent to Mr. Luikens via regular and certified mail by defense counsel and mandated that Plaintiff appear in-person before the undersigned on October 31, 2014 and that he submit a position paper no later than October 24, 2014. No submission was received from Plaintiff and indeed, Plaintiff failed to appear for the hearing.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. *Id.*

In *Poulis v. State Farm Casualty Co.*, 747 F.2d at 863 (3d Cir. 1984) the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir.

1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).   If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b).   *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

**1. Plaintiff's Personal Responsibility.**   In this case it appears that Plaintiff is solely responsible for his failure to comply with court orders and to prosecute his case.   Plaintiff has failed to meet Court imposed deadlines by a) failing to participate on the joint status letter requested by the Court; b) failing to comply with the Court's Order directing that Plaintiff retain counsel; c) failing to submit any paperwork required by this Court's OTSC; and 4) failing to appear for the OTSC hearing on October 31, 2014.

**2.   Prejudice to Defendants.**   Plaintiff's refusal to participate in advancing his case and to comply with Court orders has caused manifest injustice to Defendants.   Plaintiff initiated this action and has done virtually nothing since this matter was transferred on July 8, 2014.   Moreover, Plaintiff never requested any extensions of time to comply with Court Orders and never communicated to the Court any desire to proceed *pro se*.   Plaintiff's actions, or lack thereof, support dismissal.   *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

**3.   History of Dilatoriness.**   Plaintiff has a history of dilatoriness.   As detailed above, Plaintiff failed to submit paperwork required by the Court's Orders and failed to appear at the OTSC hearing.   Plaintiff's inaction in this regard further supports dismissal of his claim.

**4.   Willfulness or Bad Faith.**   The Court will not conclude that Plaintiff has proceeded in bad faith.   However, Plaintiff's conduct has been willful.   Plaintiff has been willfully

unresponsive to Court proceedings and to Court orders.  These circumstances, when taken as a whole, suggest that Plaintiff has abandoned his case and further support dismissal as the appropriate remedy.

     **5.  Effectiveness of Alternative Sanctions.**  The record of unresponsiveness suggests that alternative sanctions would be futile.  Despite numerous chances, and despite this Court's warning of the consequences of his continued inaction, Plaintiff has failed to participate in and prosecute his case.  On these facts, no lesser sanction would be effective.  *See Joyce v. Continental Airlines, Inc.*, 2011 WL 2610098 (D.N.J.).

     **6.  Meritoriousness of the Claims.**  The Court is unable to determine the meritoriousness of Plaintiff's claim at this juncture.

     In sum, Plaintiff has ignored the Court's Order to make an appearance to show cause why his case should not be dismissed which further demonstrates the pattern of non-compliance and dilatoriness.  Plaintiff's failure in this regard establishes Plaintiff's failure to adequately prosecute this matter which he initiated against Defendants.

## <u>CONCLUSION</u>

     The Court having considered this matter pursuant to Fed.R.Civ.P. 78 and having given consideration of the *Poulis* factors;

     IT IS on this 5th day of November, 2014,

     RECOMMENDED that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to Fed.R.Civ.P. 41(b); and it is

     ORDERED that counsel for Defendants shall serve a copy of this Order by certified and regular mail to Mr. Luikens.

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**
